(52 Misc. Rep. 593)

## WILLIAMS et al. v. FRAADE.

(Supreme Court, Appellate Term. February 11, 1907.)

VENDOR AND PURCHASER—LIABILITY OF VENDOR—AGREEMENT TO PAY WATER BILLS.

The vendor of premises, under his agreement with the purchaser there-of to pay any water bills, is liable only for legal bills, and may make the same defense against the purchaser, who has paid an improper bill, for a time during part of which the premises were unoccupied, and which was based, not on the meter, which was defective without fault of the ven-dor, but on an average of the water rent for several weeks when the meter worked properly, that he could have made, had the action been brought by the water department.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Pur-. chaser, § 410.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Samuel Williams and another against Maxmillian Fraade. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Stephen Brooks Rosenthal (Arnold Gross, of counsel), for appel-lants.

Krakower & Peters (Charles C. Peters, of counsel), for respondent.

GILDERSLEEVE, J. The plaintiff bought a house of defendant, who agreed to pay the water tax, but did not do so. Plaintiff paid the water· tax in order to sell the property to another. The tax depart-ment rendered an improper bill, based, not on the meter, which was de-fective, but upon an average amount founded on the water rent for one or two weeks during which the meter worked correctly, although the premises were vacant for a year during the time for which the average was made. This seems to be an incorrect method of arriving at the amount due for water rent, which should be ascertained by the meter. Healy v. City of New York, 90 App. Div. 174, 85 N. Y. Supp. 750. The plaintiffs sue to recover the amount of the water bill from defend-ant over and above a certain sum which had been deposited by the de-fendant for the payment of any water charges against the premises. The justice gave judgment for plaintiffs, and defendant appeals.

There is no pretense that the defect in the meter was due in any way to defendant, or that he knew of it. The agreement of the defendant to pay "any water bills" did not take away from him the right to set up the same defense against plaintiffs that he would have had, were the action brought direct by the water department, as his agreement meant only that he would pay the legal bills, not any bill that might be presented, no matter how exorbitant or unjust.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.